UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF PAULA DALTON, AS OWNER OF A 2015 19' TWIN VEE BAY CAT (HULL ID: TVG19158G415), IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

CASE NO.:

    Petitioner.

_____/

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, PAULA DALTON, as Owner of a 2015 19' TWIN VEE BAY CAT (HULL ID: TVG19158G4152015) (the "Vessel"), by and through her undersigned counsel and pursuant to the Shipowners Limitation Act, 46 U.S.C. § 30501 *et seq.*(the "Act"), Supplemental Rule F, and Local Admiralty Rule 7.06, hereby files her Complaint for Exoneration From or Limitation of Liability, and in support states as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty or Maritime Claims, and the Local Rules of the United States District Court for the Middle District of Florida.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq*.

3. The Vessel, owned by Petitioner Paula Dalton (the "Petitioner"), is a motor vessel with one outboard engine. The Vessel was built in 2015, at all times material hereto was registered in the State of Florida and, stored in Palm Harbor, Pinellas County, Florida.

4. The events described herein occurred on the inland navigable waters of the Spanish Harbor Channel, just off the coast of Big Pine Key, Florida in Monroe County.

5. At all material times, Petitioner was a Florida resident, residing in or near Pinellas County, Florida, and was the Vessel's registered owner.

6. This Complaint is filed within six (6) months of Petitioner first receiving written notice of possible claim(s) against her exceeding the value of the Vessel, arising out of the subject incident and subject to exoneration from or limitation of liability.

7. Venue is proper pursuant to Supplemental Rule F because Petitioner was sued in in Pinellas County Circuit Court and the Vessel is located in Pinellas County, Florida, which is within this Court's district of jurisdiction.

## OPERATIVE FACTS

8. At all material times, the Vessel was seaworthy, properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the recreational use for which it was engaged.

9. On November 27, 2019, Petitioner and three passengers boarded the Vessel in Big Pine Key, Florida, for a leisure trip in nearby waters.. At all material times, Petitioner was the Vessel's sole operator.

10. As they returned from their trip, the Vessel made contact with the Spanish Harbor Channel Bridge's support piling (collectively, the "Incident").

11. As a result of the impact, the Vessel sustained minor damage, totaling approximately $4,412.13. No injuries were reported at the time of the Incident. Petitioner was

able to navigate the Vessel back to the start of the voyage in Big Pine Key without the need for rescue or assistance from third parties.

12. The incident and any ensuing property loss, damages and/or personal injury were not caused by the fault of the Vessel, Petitioner, or any person for whose actions Petitioner is responsible. Neither Petitioner nor the Vessel are liable to any extent, and Petitioner is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

13. Alternatively, and without admitting liability, Petitioner alleges that in the event she or the Vessel should be held responsible to any parties by reason of the matters set forth above, Petitioner claims the benefit of the limitation of liability provided in 46 U.S.C. § 30501, *et seq.* (the "Act").

14. The Vessel's post-voyage value is $30,587.87. *See* **Exhibit "A,"** Declaration of Value. There was no pending freight.

15. On September 30, 2020, Ms. Carney initiated suit against Petitioner in the Circuit Court of the Sixth Judicial Circuit of the State of Florida, in and for Pinellas County.

16. Ms. Carney, a passenger aboard the Vessel at the time of the Incident, seeks damages over the post-voyage value of the Vessel, for personal injuries she purportedly sustained.

17. Subject to an express reservation of rights, Petitioner files contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's value in the amount of $30,587.87.

18. Petitioner is prepared to deposit $30,587.87 in the form of a surety bond with the Court's registry with a 6% interest rate per annum from the date hereof and costs, if so ordered

by the Court. *See* Letter of Undertaking, attached hereto as **Exhibit "B."** Petitioner is prepared to give additional bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioner respectfully requests:

A. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioner seeks exoneration from or limitation of liability, admonishing them to file their claims with the Clerk of this Court and to serve on Petitioner's attorneys a copy thereof on or before the date specified in the notice;

B. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, her underwriters, or any of her property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the Incident described in this Complaint;

C. If any claimant who shall filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein and the amount of the *Ad Interim* Stipulation for Costs and Value as aforesaid, this Court shall order an appraisal of the value of the Vessel following the Incident, and the value of Petitioner's interest therein and pending freight, if any, per Local Admiralty Rule 7.06(c), and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

D. This Court adjudge Petitioner and the Vessel are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned, or incurred as the result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the Vessel, and may be derived *pro rata* among such claimants; and that a judgment be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner or her property in consequence of or connected with the Incident; and

E. This Court grant Petitioner such other and further relief that justice may require.

Dated: **January 13, 2021.**

    */s/ Whittni M. Hodges*
**WHITTNI M. HODGES**
Florida Bar Number: 095602
whodges@hamiltonmillerlaw.com
**JULES V. MASSEE**
Florida Bar Number: 041554
jmassee@hamiltonmillerlaw.com
**BRANDON P. VOLK**
Florida Bar Number: 1019012
bvolk@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
100 South Ashley Drive, Suite 1210
Tampa, Florida 33602
Tel: 813-223-1900 / Fax: 813-223-1933
**SERVICE EMAIL**:
JVMserve@hamiltonmillerlaw.com
*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2020, the foregoing document is being filed with the Court's CM/ECF filing system and was served on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  */s/ Whittni M. Hodges*
                                                  Attorney